**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

```
JUANITA RIVERA-ROJAS,                *
     Petitioner,                     *
                                     *
                                     *
          v.                         *
                                     *    CIVIL NO. 13-1072(PG)
                                     *    RELATED CRIM. 09-173-21(PG)
UNITED STATES OF AMERICA,            *
     Respondent.                     *
                                     *
_____
```

### OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E. 1)[1], Respondent's Response to the Petition (D.E. 5) and Petitioner's Reply to the Government's Response (D.E. 6). For the reasons discussed below, the Court finds the Petition shall be **DENIED** and the request for evidentiary hearing is also **DENIED**.

### I. BACKGROUND

On April 15, 2010, Petitioner Juanita Rivera-Rojas (hereinafter "Petitioner" or "Rivera-Rojas") along with sixty-four (64) additional co-defendants was indicted in an eleven (11) count and two (2) forfeiture allegations Superseding Indictment by a Federal Grand Jury (Crim. D.E. 775 of Case No. 09-173(PG))[2]. Petitioner was charged in counts one (1), three (3), four (4), five (5), six (6) and seven (7).

Count One charged: From in or about the year 1995, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico, specifically in the Municipality of Bayamon, elsewhere, and

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation of criminal docket entry.

within the jurisdiction of this Court, [21] Juanita Rivera Rojas, a/k/a "Moña", along with sixty four (64) other co-defendants, the defendants herein, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of one (1) kilogram of heroin, a Schedule I Narcotic Drug Controlled Substance; and in excess of fifty (50) grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance; and in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; and in excess of one thousand (1,000) kilograms of marijuana, a Schedule I, Controlled Substance; and detectable amounts of oxycodone (commonly known as "Percocet"), a Schedule II Controlled Substance; and detectable amounts of alprazolam (commonly known as "Xanax"), a Schedule IV Controlled Substance; within one thousand (1,000) feet of the real property comprising a public housing project[3], as prohibited by Title 21, United States Code, Section 841(a)(1) and 860, (Crim.D.E. 775 at pages 4-6).

Count Three charged: From in or about the year 1995, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico, and within the jurisdiction of this Court, [21]Juanita Rivera Rojas, a/k/a "Moña" along with sixty-four (64) other co-defendants, the defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute one (1) kilogram or more of a mixture or substance

---

[3]Rivera-Rojas was a member of the Angel Ayala Vazquez drug organization which operated a very lucrative drug trafficking business out of the Jose Celso Barbosa Public Housing Project and the Sierra Linda Public Housing Project as well as their surrounding areas in Bayamon, Puerto Rico.

Civil No. 13-1072(PG)                                                  Page 3

containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, within one thousand (1,000) feet of real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground. All in violation of Title 21, United States Code, Sections 841(a)(1) and 860 and Title 18, United States Code, Section 2, (Crim. D.E. 775 at pages 19-21).

Count Four charged: From in or about the year 1995, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico, and within the jurisdiction of this Court, [21]Juanita Rivera Rojas, a/k/a "Moña" along with sixty-four (64) other co-defendants, the defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II Narcotic Drug Controlled Substance, within one thousand (1,000) feet of real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground. All in violation of Title 21, United States Code, Sections 841(a)(1) and 860 and Title 18, United States Code, Section 2, (Crim. D.E. 775 at pages 21-24).

Count Five charged: From in or about the year 1995, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico, and within the jurisdiction of this Court, [21]Juanita Rivera Rojas, a/k/a "Moña" along with sixty-four (64) other co-defendants, the defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug

Civil No. 13-1072(PG)                                                    Page 4

Controlled Substance, within one thousand (1,000) feet of real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground. All in violation of Title 21, United States Code, Sections 841(a)(1) and 860 and Title 18, United States Code, Section 2, (Crim. D.E. 775 at pages 24-26).

Count Six charged: From in or about the year 1995, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico, and within the jurisdiction of this Court, [21]Juanita Rivera Rojas, a/k/a "Moña" along with sixty-four (64) other co-defendants, the defendants herein, and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute one thousand (1,000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Narcotic Drug Controlled Substance, within one thousand (1,000) feet of real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground. All in violation of Title 21, United States Code, Sections 841(a)(1) and 860 and Title 18, United States Code, Section 2, (Crim. D.E. 775 at pages 26-29).

Count Seven charged: From in or about the year 2004, and continuing up to and including the year 2008, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, [21]Juanita Rivera Rojas a/k/a "Moña" along with sixty four (64) other co defendants, the defendants herein, did knowingly and intentionally combine, conspire and confederate with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956(h), to wit, to knowingly and willfully conduct financial transactions affecting interstate commerce, which transactions

involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 641(a)(1) and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, and that the transactions were designed in whole or in part to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(h) and (a)(1)(A)(I) and (B)(I), (Crim. D.E. 775 at pages 29-32).

On August 18, 2011, Petitioner, through her counsel, filed a Motion for Change of Plea (Crim.D.E. 2051). On September 2, 2011, Petitioner, through her counsel, filed a Motion for Extension of Time (Crim.D.E. 2105). This motion requested additional time to submit Rivera-Rojas' Plea Agreement as counsel was awaiting a meeting with the Chief of the Narcotics Division of the U.S. Attorney's Office in order to negotiate a more favorable plea for Petitioner (Crim.D.E. 2105).

On September 23, 2011, Petitioner's Plea Agreement was filed (Crim.D.E. 2171). On the same date Rivera-Rojas' Change of Plea Hearing was held (Crim. D.E. 2170).

At the Change of Plea Hearing Rivera-Rojas' accepted her responsibility and plead guilty to count one (1) of the Second Superseding

Civil No. 13-1072(PG)                                                    Page 6

Indictment as stipulated by the parties in the Plea Agreement.  As part of the agreement, the remaining counts filed against Petitioner would be dismissed at sentencing.(Crim. D.E. 2170).

On December 30, 2011, Petitioner's Pre-Sentence Report was filed (Crim. D.E. 2519).

On February 3, 2012, Rivera-Rojas' Sentencing Hearing was held. Petitioner was sentenced in accordance with the terms of the Plea Agreement to a term of imprisonment of eighty seven (87) months as to count one (1) of the Second Superseding Indictment. A term of supervised release of eight (8) years and a special monetary assessment of one hundred (100) dollars. The remaining counts against Petitioner were dismissed (Crim. D.E. 2633).

Judgment was entered on February 7, 2012 (Crim. D.E. 2639). Rivera-Rojas did not appeal her conviction and sentence.  Therefore, pursuant to Gonzalez v. Thaler, 132 S.Ct. 641 (2012) Petitioner's sentence became final on February 21, 2012, that is, fourteen (14) days after Rivera-Rojas' timely notice of appeal filing expired.  As of February 21, 2012, Rivera-Rojas had one (1) year to timely file her Section 2255 Petition.

Rivera-Rojas signed and dated her present 2255 Petition on January 24, 2013.[4] The Petition was filed on January 31, 2013 (D.E. 1), as such, the same is timely.

## II. DISCUSSION

In her 2255 Petition and Memorandum in Support, Rivera-Rojas raised the following allegations:

(1) Ineffective Assistance of Counsel - Petitioner raised several claims regarding what she deemed as ineffective assistance of counsel.

---

[4] Petitioner certified that on January 24, 2013, she placed her 2255 Petition in the prison mail box system (D.E. 1).

      I.      Ineffective assistance of counsel Petitioner asserts that her plea of guilty was not done voluntarily. That she plead guilty without full knowledge of the consequences or understanding of what she was doing. She alleged that she plead guilty due to pressure, coercion and threats from her counsel.

      ii.     Ineffective assistance of counsel due to counsel's failure to argue that Petitioner was never part of the conspiracy. Rivera-Rojas asserts that she was merely a drug user who happened to know the members of the conspiracy but was never part of the organization. She claims her counsel failed to argue for dismissal based on her statement.

      iii.    Ineffective assistance of counsel for failure to provide Petitioner with her Pre Sentence Report in a timely fashion, failure to object to the Pre Sentence Report and failure to explain to Petitioner the contents and the importance of the Pre Sentence Report.

      iv.     Ineffective assistance of counsel for failure to properly advise Petitioner of the drug quantity she was held responsible for.

      v.      Ineffective assistance of counsel for failure to file an appeal although being asked to do so by Petitioner.

(2) Cumulative effect of the different instances of ineffective assistance of counsel.

(3) In addition, Rivera-Rojas made a claim of actual innocence.

A review of the record clearly contradicts all of Rivera-Rojas' allegations.

**Ineffective Assistance of Counsel Standard**

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48 (1st Cir. 1993). In order to succeed in a claim of ineffective assistance of counsel, Rivera-Rojas must show both incompetence and prejudice: (1) Petitioner must show that counsel's representation fell below an objective standard of reasonableness, and (2) Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996), Darden v. Wainwright, 477 U.S. 168 (1986), Lockhart v. Fretwell, 506 U.S. 364 (1993). Petitioner fails to meet this standard and the record so reflects it.

**Ineffective Assistance of Counsel Plea Coercion**

Petitioner alleged that she was forced to plead guilty by her counsel. Rivera-Rojas contends that she was misinformed by her counsel as to the plea agreement, that it was not explained to her. She further alleged that counsel forced her and threatened her to plead guilty.[5]

Rivera-Rojas alleged that she was threatened by her attorney. She

---

[5] The Court notes that Petitioner claimed that counsel allegedly went as far as instructing her to lie at her change of plea hearing. All mere allegations without evidence to support them.

claimed that she informed him that she wanted to proceed to go to trail and that counsel told her that "with this case being so large just take the plea or you will get 30 years." (D.E. 1-1 at page 9). She therefore took the plea.

As part of this argument, Petitioner also stated that her attorney did not properly argue for the exclusion of co-conspirators' statements nor did he argue that she was never part of the conspiracy.

This Court has to address what amounts to unsupported allegations of coercion, which are belied by the record, and as to which Petitioner has failed to submit any evidence in support thereof.

A defendant's understanding of the charges is a core concern of a Rule 11 proceedings and under the totality of the circumstances, a court may determine if any core violation has occurred. United States v. Martinez-Martinez, 69 F.3d 1215 (1st Cir.1995). "The governing standard as to whether a plea of guilty is voluntary for purposes of the federal Constitution is a question of federal law ... and not a question of fact." Oakes v. United States, 400 F.3d 392 (1st Cir. 2005).

"Rule 11 requires that before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." United States v. Matos-Quinones, 456 F.3d 14, 21 (1st Cir. 2006). In plea proceedings, the district court must discharge its duty to verify whether the record permits a conclusion that the plea has a rational basis in fact. Id. Rule 11 requires "a reasoned basis to believe that the defendant actually committed the crime to which he is admitting guilt," but it does not require the court to conduct a mini-trial during the plea colloquy, and certainly does not require a test of guilt versus innocence, much less proof beyond a reasonable doubt that the defendant is in fact guilty, Id.

This Court has reviewed Petitioner's Change of Plea transcript and there is no doubt that Rivera-Rojas was asked by the Court if she knew what she had been charged with in count one, to which Petitioner answered in the affirmative (C.O.P. Trans. September 23, 2011 at p.2).  Further along in the proceeding, the Court specifically explained the charges in count one of the Second Superseding Indictment and in its relevant part stated:

> The Court:       That the defendant acknowledges that during the span of the conspiracy she acted as a drug point owner for the Drug Trafficking Organization.  As such, she would own or lease the right to sell certain narcotics at drug points located within Barbosa, Sierra Linda and other locations within Puerto Rico. Basically that is what the indictment charges as to what you did, and I ask you if that is what you are pleading guilty to this morning?
>
> The Defendant:  Yes.
>
> The Court:      That is what you did in this case?
>
> The Defendant:  Yes.

See C.O.P. Transcript, September 23, 2011 at p. 12.

Furthermore, the Rule 11 colloquy reveals that in two separate occasions the Court asked Petitioner if anyone had threatened or coerced her into pleading guilty, and on both occasions she replied no.  There is not a scintilla of evidence in the transcript of the Change of Plea Hearing that could support either of Petitioner's allegation of lack of knowledge and coercion.  The First Circuit Court of Appeals has relied on a complete record to deny a claim to withdraw a plea since a defendant who asserts a fact in answer to a judge's question during a change of plea proceeding

ought to be bound by that answer. United States v. Alegria, 192 F.3d 179, 186 (1st Cir. 1999).

There is no reason, nor has Petitioner brought forth any evidence, that would sway this Court from upholding Petitioner's statements given by her under oath at the Change of Plea Hearing. As such her allegation of lack of knowledge and coercion proves hollow and shall be **DENIED**.

### Ineffective assistance of counsel due to counsel's failure to argue that Petitioner was never part of the conspiracy. Claim Of Actual Innocence.

Rivera-Rojas' second allegation of ineffective assistance of counsel relates to her claim of actual innocence. Petitioner now claims, for the first time, that she was never part of the drug trafficking conspiracy, that she was never a member of the organization. Petitioner paints herself as a drug user who merely on occasion sold drugs in order to support her own habit. She goes on to claim that she does not know members of the conspiracy and that she can not be guilty for merely living her entire life at Barbosa housing project. Once again Rivera-Rojas' blanket statements are unsupported by the record.

Most courts have required a credible allegation of actual innocence to access that savings clause, United States v. Barrett, 178 F.3d 34 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000). "Actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614 (1998). "To be credible, a claim of actual innocence requires petitioner to support his allegations of constitutional error with new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." Schulp v. Delo, 513 U.S. 298, 327 (1995). Petitioner

Civil No. 13-1072(PG)                                                Page 12

has failed to present any such evidence.

Before the Court are mere allegations raised by Petitioner herself that she was not a member of the drug conspiracy. She presents no evidence to sustain these allegation nor does she even submit a sworn statement attesting to such. Rivera-Rojas wished for her counsel to challenge her participation in the drug trafficking organization merely by stating that she was a junky who on occasion sold drugs to support her own habit. Attorneys are by no means required to argue improbable, unsupported and much less contradicted theories just to appease a defendant. Counsel's duty towards his client is to advise her of the different scenarios in her case, review the evidence in order to establish if in fact it supports the charges and advise petitioner what her best option is. The record indicates that this is exactly what counsel did.

Allegations brought forth by Rivera-Rojas at this date as to co-conspirators lying as to her involvement contradict her own statement at her Sentencing Hearing. A review of the transcript at page four (4) shows that Rivera-Rojas stated: "I am repentant for having sold those controlled substances, the pills."

Petitioner has brought forth allegations without substance and as such they can not and will not be entertained by this Court. Petitioner's claim of ineffective assistance of counsel for failure to challenge her involvement and her claim of actual innocence are **DENIED**.

**Ineffective Assistance Of Counsel For Failure To Provide Petitioner With Her Pre Sentence Report In A Timely Fashion, Failure To Object To The Pre Sentence Report**

Rivera-Rojas alleged that her counsel was ineffective because he did not properly explain to her the contents of the pre sentence report, nor

did he object to it.  Once again, the record contradicts Petitioner.

    A review of the Sentencing Hearing transcript reveals:

| | |
|---|---|
| The Court: | Counsel, have you read the pre-sentence report? |
| Mr. Velez-Rodriguez: | Yes, Your Honor. |
| The Court: | And did you explain to your client the contents of the pre-sentence report? |
| Mr. Velez-Rodriguez: | That is so, Your Honor, and she has a copy of it. |
| The Defendant: | Yes. |
| The Court: | Ms. Rivera, is there any amendments or corrections that need to be made to the pre-sentence report? |
| Mr. Velez-Rodriguez: | We have no objections, Your Honor. |
| The Defendant: | No. |

See Sentencing Hearing Transcript, February 3, 2012 at pages 2-3.

    Not only did Petitioner discuss her pre-sentence report with her attorney, she affirmed for the record that she had a copy of said report. Clearly, the same was discussed with her prior to sentencing. Her allegation that no objections were raised is pointless. Rivera-Rojas stated to the Court at sentencing that she had no objections. Furthermore, to date she has not informed the Court what her objections would have been.

    Once again this Court will not entertain claims of ineffective assistance of counsel that are based on mere speculation and which are unsupported by the record. Such claims can not stand on their own and are deemed meritless, Ofray-Campos v. United States, Slip Copy, 2013 WL 5346720, *7 (D.P.R. 2013). Petitioner's claim of ineffective assistance of counsel as to her pre-sentence report is **DENIED**.

### Ineffective Assistance Of Counsel For Failure To Properly Advise Petitioner Of The Drug Quantity She Was Held Responsible For

Rivera-Rojas further claimed that she was not advised of the drug quantity she was held accountable for and that in any event her counsel was ineffective because he should have argued for a lower amount. This argument is based on Petitioner's premise that part of the drug quantity being attributed to her was for her personal use and not for sale.

A review of the Plea Agreement indicates that Petitioner and the Government stipulated an amount of drugs of at least seven hundred (700) but less that one thousand (1,000) kilograms of marijuana (Crim. D.E. 2171 at p. 4). This allowed Petitioner to begin her sentencing guideline calculation at a base offense level of thirty (30). Petitioner signed the Plea Agreement (Crim. D.E. 2171) and advised the Court on more than one occasion that she understood its content and had discussed the same with her attorney. The record clearly indicates that the drug quantity Rivera-Rojas was responsible for was explained to Petitioner at her change of plea hearing and sentencing hearing. Furthermore, the stipulated quantity was followed by the Court at sentencing.

Rivera-Rojas sets forth no evidence as to how this stipulated amount would have varied if her personal consumption were taken into account nor has she brought forth any evidence as to such allegation. Petitioner's allegation of ineffective assistance of counsel regarding drug quantity is **DENIED**.

### Ineffective Assistance Of Counsel For Failure To File An Appeal Although Being Asked To Do So By Petitioner

Rivera-Rojas' final argument of ineffective assistance of counsel is a complaint that although she asked her counsel to file a notice of appeal

he failed to do so.  Once again Petitioner is mistaken.

The record reflects that no appeal in this case was filed. The reason for this is that Rivera-Rojas specifically agreed to a waiver of appeal as part of her Plea Agreement.

> The Court:     And finally in the plea agreement there is another paragraph in which you agree that if this Court were to accept the plea agreement and sentence you according to the recommendations contained therein, that then would waive and surrender your right to appeal the judgment and sentence in this case. Do you understand?
>
> The Defendant: Yes.
>
> The Court:     Now, I have to explain to you that as you know I am not bound by the plea agreement.  Since I am not bound by the plea agreement I may impose a sentence up to the maximum.  So if I were to sentence you differently from the recommendation contained in the plea agreement then you would not waive and surrender your right to appeal the judgment and sentence in this case, and you would still be able to appeal the Courts judgment and sentence.  Do you understand that?
>
> The Defendant: Yes.

See Transcript of C.O.P. Hearing, September 23, 2011, at p. 10.

Rivera-Rojas was clearly advised and explained as to the waiver of appeal and its consequences.  She informed under oath that she understood what said waiver meant.

Furthermore, during Petitioner's sentencing hearing the Court informed Petitioner: "The Court has just sentenced you to said recommendation, therefore your waiver becomes effective and I will not advise you of any right to appeal the judgment and sentence in this case since you have waived them." Sentencing Hearing transcript, February 3, 20112 at p. 8. There can not be a valid allegation of ineffective assistance of counsel when counsel abided by the terms of the Plea Agreement and did not file a notice of appeal. A waiver of appellate rights is valid if "defendant entered into it knowingly and voluntarily." United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001); United States v. Gil-Quezada, 445 F3d. 33 (1st Cir. 2006). Petitioner's allegation of ineffective assistance of counsel for failure to file an appeal is meritless and **DENIED**.

### Cumulative effect of errors

Finally, Rivera-Rojas alleged that taken as a whole, all of her allegations of ineffective assistance of counsel reach such a level of attorney ineffectiveness that this Court has no choice but to grant her petition. Having established that Petitioner's claim are either meritless or unsupported by the record or both, Rivera-Rojas' final argument of cumulative effect is also **DENIED**.

### Evidentiary Hearing

As part of her Petition Rivera-Rojas requested an evidentiary hearing. The same is **DENIED**.

Evidentiary hearings in Section 2255 cases are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. Moreno-Morales v. United States, 334 F.3d 140 (1st Cir. 2003). An evidentiary hearing "is not necessary when a Section 2255 petition is inadequate on its face, or although facially

adequate, is conclusively refuted as to the alleged facts by the filed and records of the case." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978). Such is the case of Rivera-Rojas' Petition, her request for evidentiary hearing is **DENIED**.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **JUANITA RIVERA-ROJAS**, is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that petitioner **JUANITA RIVERA-ROJAS'** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.1) is **DENIED**, and her Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE**. Petitioner's request for evidentiary hearing is also **DENIED**.

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S. C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 5, 2015.

                                        **S/JUAN M. PEREZ-GIMENEZ**
                                        **JUAN M. PEREZ-GIMENEZ**
                                        **UNITED STATES DISTRICT JUDGE**